# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

### WILLIAM D. HUBBARD, Appellant, v. AUSTIN G. GORHAM, Respondent.

*When an entire defense cannot be stricken out as irrelevant — a pleading will not be stricken out because it does not state a good cause of action.*

APPEAL from an order denying a motion on the part of the plaintiff to strike from the answer the defense to the whole cause of action, on the ground that the matter which is presented by it is irrelevant.

The cause of action resulted from an agreement between the parties to this action by which they purchased on joint account, through C. F. Timson & Co., certain shares of stock, as to which they were to share the profits and losses. The result of this venture was a loss, which the plaintiff paid to the firm of C. F. Timson & Co., and for one-half of such payment the plaintiff sought to make the defendant respond in this action. The latter set up as a separate defense that the firm already mentioned, of which the plaintiff is a member, entered into an agreement with him whereby it was agreed, for the consideration stated, that the firm should carry five hundred or six hundred full shares of stock for him without margin, and that he should not be liable for any loss accruing on account of such stock bought and sold by the firm.

The court at General Term said : " It seems to be supposed by the defendant that all responsibility by him to the firm was controlled by the agreement mentioned, and therefore he was not liable for the payment of one-half of the sum lost by the joint venture of which the action is predicate. And perhaps it may be said that the presentation of the defense is in some respects indefinite, but that does not subject it to such a motion as made by the plaintiff. When the pleading contains a semblance of a cause of action or defense, its sufficiency cannot be determined upon a motion to strike out as irrelevant or redundant.

The Code authorizes the party aggrieved thereby to move to strike out irrelevant, redundant or scandalous matter contained in a pleading; but it is a new application of the privileges conferred by this provision to strike out a pleading because it does not state a good cause of action against the moving party.

The rule pronounced, therefore, in the cases of *Walter* v. *Fowler* (85 N. Y., 621) and *Hagerty et al.* v. *Andrews et al.* (94 id., 195) control this appeal. The motion affecting an entire defense, it was properly denied. The plaintiff's remedy was to demur. This was the view of the learned justice, presiding in the court below, expressed in a brief opinion."

*William Bracken,* for the appellant.

*M. S. Hudgins,* for the respondent.

Opinion by BRADY, J.; DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.